1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

7

**EASTERN DISTRICT OF WASHINGTON**

8

Case No. 2:14-CV-00247-VEB

9

JOHN B. SCOVEL,

10

Plaintiff,

DECISION AND ORDER

11

vs.

12

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

13

Defendant.

14
15

**I. INTRODUCTION**

16

In May of 2011, Plaintiff John B. Scovel applied for supplemental security

17

income ("SSI") benefits and Disability Insurance Benefits ("DIB").    The

18

Commissioner of Social Security denied the applications.

19
20

Plaintiff, represented by Dana C. Madsen, Esq., commenced this action seeking judicial review of the Commissioner's denial of benefits pursuant to 42 U.S.C. §§ 405 (g) and 1383 (c)(3). The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 6).

On March 2, 2015, the Honorable Rosanna Malouf Peterson, Chief United States District Judge, referred this case to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 15).

## II. BACKGROUND

The procedural history may be summarized as follows:

Plaintiff applied for SSI benefits and DIB on May 4, 2011. (T at 216-17, 218-24).[1] The applications were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On February 21, 2013, a hearing was held before ALJ Lori Freund. (T at 52). Plaintiff appeared with his attorney and testified. (T at 58-92). The ALJ also received testimony from Sharon Welter, a vocational expert (T at 92-100).

---

[1] Citations to ("T") refer to the administrative record at Docket No. 11.

DECISION AND ORDER – SCOVEL v COLVIN 14-CV-00247-VEB

On April 24, 2013, ALJ Freund issued a written decision denying the applications for benefits and finding that Plaintiff was not disabled within the meaning of the Social Security Act. (T at 18-44). The ALJ's decision became the Commissioner's final decision on June 3, 2014, when the Appeals Council denied Plaintiff's request for review. (T at 1-4).

On July 30, 2014, Plaintiff, acting by and through his counsel, timely commenced this action by filing a Complaint in the United States District Court for the Eastern District of Washington. (Docket No. 3). The Commissioner interposed an Answer on October 6, 2014. (Docket No. 11).

Plaintiff filed a motion for summary judgment on January 28, 2015. (Docket No. 14). The Commissioner moved for summary judgment on May 14, 2015. (Docket No. 19). Plaintiff filed a Reply on May 29, 2015. (Docket No. 20).

For the reasons set forth below, the Commissioner's motion is granted, Plaintiff's motion is denied, and this case is closed.

## III. DISCUSSION

**A.    Sequential Evaluation Process**

The Social Security Act ("the Act") defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude

substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, he or she is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity

and (2) a "significant number of jobs exist in the national economy" that plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**B.    Standard of Review**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v.*

1    *Sullivan*, 877 F.2d 20, 22 (9ᵗʰ Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525,

2    526 (9ᵗʰ Cir. 1980)).

3          It is the role of the Commissioner, not this Court, to resolve conflicts in

4    evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational

5    interpretation, the Court may not substitute its judgment for that of the Commissioner.

6    *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9ᵗʰ Cir. 1984).

7    Nevertheless, a decision supported by substantial evidence will still be set aside if the

8    proper legal standards were not applied in weighing the evidence and making the

9    decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9ᵗʰ

10    Cir. 1987). Thus, if there is substantial evidence to support the administrative findings,

11    or if there is conflicting evidence that will support a finding of either disability or

12    nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812

13    F.2d 1226, 1229-30 (9ᵗʰ Cir. 1987).

14    **C.    Commissioner's Decision**

15          The ALJ found that Plaintiff had not engaged in substantial gainful activity

16    since November 30, 2007 (the alleged onset date) and met the insured status

17    requirements of the Social Security Act through December 31, 2012. (T at 23). The

18    ALJ determined that Plaintiff had the following severe impairments: degenerative disc

19    disease of the spine; chronic obstructive pulmonary disease; right shoulder

20

impingement; depressive disorder; and pain disorder associated with both psychological factors and a general medical condition. (T at 23).

However, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments set forth in the Listings. (T at 24).

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work, as defined in 20 CFR § 416.967 (b), with the following limitations: He can lift 20 pounds occasionally and 10 pounds frequently; he can stand/walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday; he can frequently climb ramps or stairs and occasionally climb ladders, ropes or scaffolds; he can frequently balance, stoop, kneel, and crouch and occasionally crawl; he should avoid moderate exposure to airborne irritants; he should avoid all exposure to hazardous machinery and unprotected heights; he is limited to simple, routine, repetitive tasks consisting of 1 to 2 steps; he can have superficial interaction with the general public; he can have occasional contact with co-workers, but cannot perform tandem tasks. (T at 26).

The ALJ determined that Plaintiff could perform his past relevant work as a cook (short order) and cleaner (housekeeping). (T at 37).

DECISION AND ORDER – SCOVEL v COLVIN 14-CV-00247-VEB

As such, the ALJ concluded that Plaintiff had not been disabled under the Social Security Act from November 30, 2007 (the alleged onset date) through April 24, 2013 (the date of the ALJ's decision) and was therefore not entitled to benefits. (Tr. 37-38). As noted above, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (Tr. 1-4).

**D.    Plaintiff's Arguments**

Plaintiff contends that the Commissioner's decision should be reversed.  He offers two (2) principal arguments in support of his position.  First, Plaintiff challenges the ALJ's credibility determination.  Second, Plaintiff contends that the ALJ did not properly assess the medical opinion evidence.  This Court will address each argument in turn.

**1.        Credibility**

A claimant's subjective complaints concerning his or her limitations are an important part of a disability claim. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's findings with regard to the claimant's credibility must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings

DECISION AND ORDER – SCOVEL v COLVIN 14-CV-00247-VEB

are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

However, subjective symptomatology by itself cannot be the basis for a finding of disability. A claimant must present medical evidence or findings that the existence of an underlying condition could reasonably be expected to produce the symptomatology alleged. See 42 U.S.C. §§423(d)(5)(A), 1382c (a)(3)(A); 20 C.F.R. § 404.1529(b), 416.929; SSR 96-7p.

In this case, Plaintiff testified as follows:  He testified that he stopped working on November 30, 2007, due to severe pain in his back, which radiates to his neck, but also stated that he stopped working on that date because he went into treatment for drug addiction.  (T at 61).  He did not receive or seek any medical treatment for his pain between 2007 and 2009. (T at 65-66).  Since an accident involving a fall through a roof in 2009, Plaintiff has experienced numbness in his right hand.  (T at 71).  He occasionally has problems dressing and receives assistance from his wife. (T at 73). Lifting with his left arm is limited to 10 pounds. (T at 74).  He can hardly lift any weight with his right hand. (T at 75).  He completed the ninth grade. (T at 75). Breathing problems are an issue and limit his ability to walk. (T at 77).  He has learned to live with his back pain, but neck pain (which has increased in severity since a

February 2011 accident) is a major issue. (T at 78-79).   Radiating back pain is constant. (T at 80).  Sleeping is difficult. (T at 81-82).  He can sit for about an hour before needing to get up. (T at 83).  He can walk for about 2 blocks before needing to stop and rest. (T at 84).  He helps with the family shopping, but uses an electric cart. (T at 85).  He does not do any housework. (T at 86, 91).  Large crowds cause him to become paranoid, aggravated, and angry. (T at 87).  Bending over causes pain, so Plaintiff avoids it. (T at 89).  He has trouble getting up after he has been sitting for a while. (T at 89).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that his statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely credible. (T at 28).

For the following reasons, this Court finds the ALJ's decision to discount Plaintiff's credibility supported by substantial evidence and consistent with applicable law.   The ALJ referenced treatment notes and medical opinions indicating that Plaintiff exaggerated his pain behaviors.  For example, in April of 2011, Dr. Thomas Halvorson, Plaintiff's treating physician, noted that although an MRI showed mild degenerative changes in the AC joint, Plaintiff's "complaints seem to be out of proportion to his physical findings." (T at 449).  In June of 2011, Dr. Eric Bowton, an

DECISION AND ORDER – SCOVEL v COLVIN 14-CV-00247-VEB

examining physician, noted "[q]uite a bit of pain behavior" and opined that Plaintiff did not have a structural orthopedic bone or joint problem. (T at 499, 501).   In September of 2011, Dr. Ken Young, a consultative examiner, found a "good deal of exaggerated secondary gain qualities to [Plaintiff's] pain complaints throughout the examination." (T at 508).  He noted "very few clinical objective findings" and opined that Plaintiff had "very guarded exaggerated pain complaints." (T at 510).

The ALJ also noted that Plaintiff stopped working for a reason other than his impairment (*i.e.* to enter drug rehabilitation) and had gaps in his work history prior to that point. (T at 28).  The fact that a claimant stopped working for reasons other than the alleged impairments is a valid reason for the ALJ to discount the claimant's credibility. *Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

The ALJ also referenced Plaintiff's failure to seek treatment, particularly between November of 2007 (when he stopped working) and March of 2010.  (T at 28-29).  Although the lack of treatment cannot form the sole basis for rejecting claims of disabling symptoms, an ALJ may consider a claimant's unexplained or inadequately explained failure to seek treatment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)(citation omitted).

Here, Plaintiff claimed that he lacked insurance during the treatment gap, but there was conflicting evidence concerning Plaintiff's reasons for not seeking treatment

(for example, on at least one occasion he cited transportation issues, rather than an inability to afford the treatment, as reason for not seeking treating).  The ALJ also cited the fact that Plaintiff apparently made no effort to determine his eligibility for state insurance assistance and/or low cost health care options. (T at 28, 65-66, 427).  Although Plaintiff contends that his mental impairments prevented him from accessing treatment, he cites no evidence to support this suggestion and the fact that he was subsequently able to seek treatment tends to undermine this claim. *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012)("Although [claimant] provided reasons for resisting treatment, there was no medical evidence that … resistance was attributable to her mental impairment rather than her own personal preference, and it was reasonable for the ALJ to conclude that the 'level or frequency of treatment [was] inconsistent with the level of complaints.'")(quoting SSR 96-7p).

The ALJ also cited Plaintiff's activities of daily living as a basis for discounting his credibility.  In June of 2010, Plaintiff told Dr. William Jackline, a consultative examiner, that he shared cooking duties with his wife, did the dishes, helped with grocery shopping, and attended to his personal care needs. (T at 382).  This was inconsistent with Plaintiff's hearing testimony, wherein he denied doing housework and said he needed help with personal care. (T at 73-74, 91-92).  When assessing a claimant's credibility, the ALJ may employ "ordinary techniques of credibility

evaluation." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 n.3 (9ᵗʰ Cir. 2010)(quoting *Smolen v. Chater*, 80 F.3d 1273, 1284 (9ᵗʰ Cir. 1996)). Activities of daily living are a relevant consideration in assessing a claimant's credibility. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9ᵗʰ Cir. 2001). Although the claimant does not need to "vegetate in a dark room" to be considered disabled, *Cooper v. Brown*, 815 F.2d 557, 561 (9ᵗʰ Cir. 1987), the ALJ may discount a claimant's testimony to the extent his or her activities of daily living "contradict claims of a totally debilitating impairment." *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9ᵗʰ Cir. 2011).

In sum, Plaintiff argues that the ALJ should have weighed the evidence differently and given more weight to his subjective complaints. However, it is the role of the Commissioner, not this Court, to resolve conflicts in evidence. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Richardson*, 402 U.S. at 400. If the evidence supports more than one rational interpretation, this Court may not substitute its judgment for that of the Commissioner. *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the Commissioner's finding is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Here, the ALJ's credibility finding was supported by substantial evidence and should be sustained.

DECISION AND ORDER – SCOVEL v COLVIN 14-CV-00247-VEB

### 2.    Medical Evidence

In disability proceedings, a treating physician's opinion carries more weight than an examining physician's opinion, and an examining physician's opinion is given more weight than that of a non-examining physician. *Benecke v. Barnhart*, 379 F.3d 587, 592 (9th Cir. 2004); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester*, 81 F.3d at 830. If contradicted, the opinion can only be rejected for "specific" and "legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

### a.    Non-Examining Physicians

The ALJ afforded significant weight to the opinions of several non-examining physicians.  Plaintiff contends that the ALJ did not properly incorporate all of the findings of those physicians.  For example, Dr. Charles Wolfe, a State Agency review consultant, opined that Plaintiff was limited to occasionally climbing stairs and ramps, balancing, stooping, kneeling, and crouching. (T at 405)  The ALJ gave significant weight to Dr. Wolfe's assessment (T at 34), but did not incorporate this limitation into the RFC determination. (T at 25). This Court finds no reversible error in this regard.

DECISION AND ORDER – SCOVEL v COLVIN 14-CV-00247-VEB

Dr. Young, a consultative examiner, assessed no limitations as to postural activities or workplace environmental activities. (T at 510). Moreover, the jobs identified by the ALJ at step four do not require more than occasional climbing, balancing, stopping, kneeling, or crouching. (T at 37).

In addition, Dr. Young recommended only occasional reaching (T at 511), a limitation the ALJ also did not adopt. This Court likewise finds no error here. Dr. Bowton, an examining physician, opined that Plaintiff had no orthopedic bone or joint problem and no established nerve impingement. (T at 501). The ALJ was within her discretion in resolving this conflict and concluding that Plaintiff was not limited with regard to reaching.

Lastly, Plaintiff notes that non-examining State Agency review consultants Thomas Clifford and Bruce Eather opined that he had a moderate limitation with regard to his ability to accept instructions and respond appropriately to criticism from supervisors. (T at 128, 145). However, the ALJ properly relied upon and incorporated the narrative sections written by the evaluations, rather than the limitations noted in the "Section I" worksheet. The Program Operations Manual System (POMS), an internal Social Security Administration document, provides, in pertinent part, that "[i]t is the narrative written by the psychiatrist or psychologist in section III . . . that adjudicators are to use as the assessment of RFC." "The POMS does not have the

DECISION AND ORDER – SCOVEL v COLVIN 14-CV-00247-VEB

force of law, but it is persuasive authority." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1005 (9th Cir. 2006)).

Here, both Dr. Clifford and Dr. Eather found that Plaintiff could carry out simple tasks, maintain concentration during a work-day with scheduled breaks, and work superficially with others. (T at 128-29, 144-46). The ALJ incorporated these findings in her RFC determination, concluding that Plaintiff was limited to simple, routine and repetitive tasks consisting of one to two steps; superficial interaction with the general public; and occasional contact with co-workers, without any tandem tasks. (T at 26). As such, this Court finds no error with respect to the ALJ's consideration of the evaluations provided by Dr. Clifford and Dr. Eather.

### b. Dr. Pounds

Dr. David Pounds performed a consultative examiner in September of 2011. Dr. Pounds opined that Plaintiff was capable of recognizing normal work place hazards and taking appropriate action over time and following simple directions. (T at 505). However, Dr. Pounds concluded that Plaintiff would have difficulty tolerating work stressors and could not demonstrate adequate persistence or pace for a normal workday. (T at 505).

The ALJ gave little weight to Dr. Pounds's opinion. The ALJ noted that the limitations Plaintiff described to Dr. Pounds were inconsistent with the limitations he

DECISION AND ORDER – SCOVEL v COLVIN 14-CV-00247-VEB

outlined to Dr. Jackline. (T at 35).  The ALJ found that Dr. Pounds's assessment was based primarily on Plaintiff's self-reports and discounted it on that basis.  It is reasonable for an ALJ to discount a physician's opinion predicated on subjective complaints found to be less than credible. *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  Dr. Jackline, another consultative examiner, concluded that Plaintiff could understand, remember, and follow simple directions, although he would have a "mildly impaired" ability to understand, remember, and following increasingly lengthy, fast-paced and complex verbal information and directions. (T at 385).  He also assessed mild to moderate limitations as to social interactive skills, adaptability, and ability to sustain concentration and persist at a task. (T at 385).  The ALJ reasonably concluded that Dr. Jackline's assessment was more accurate and based upon a wider array of testing and, thus, entitled to relatively more weight in determining Plaintiff's RFC.

### c.    Dr. Arnold

Dr. John Arnold performed a consultative examination in February of 2013.  He diagnosed major depression (recurrent, moderate to severe, pain disorder with psychological factors and a general medical condition), anxiety NOS, personality disorder (NOS), and chronic pain syndrome. (T at 612).  Dr. Arnold reported that his

testing and evaluation were consistent with the findings made by Dr. Pounds. (T at 611).

The ALJ did not expressly state what weight she gave Dr. Arnold's opinion, but provided reasons for discounting it.  For example, the ALJ noted that the tests used by Dr. Arnold were primarily self-reports/self-assessments. (T at 36).  An ALJ may discount an opinion based on tests within the claimant's control and subject to manipulation. *See Ukolov v. Barnhart*, 420 F.3d 1002, 1006 (9th Cir. 2005).  Dr. Arnold's report was also based in large part on Plaintiff's subjective complaints.  As noted above, it is reasonable for an ALJ to discount a physician's opinion predicated on subjective complaints found to be less than credible. *Bray v. Comm'r of Soc. Sec.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  The ALJ's RFC determination was also supported by Dr. Jackline's opinion, the lack of treatment, and Plaintiff's activities of daily living. *See Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)(holding that if evidence reasonably supports the Commissioner's decision, the reviewing court must uphold the decision and may not substitute its own judgment).

DECISION AND ORDER – SCOVEL v COLVIN 14-CV-00247-VEB

## IV. CONCLUSION

After carefully reviewing the administrative record, this Court finds substantial evidence supports the Commissioner's decision, including the objective medical evidence and supported medical opinions. It is clear that the ALJ thoroughly examined the record, afforded appropriate weight to the medical evidence, including the assessments of the examining medical providers and the non-examining consultants, and afforded the subjective claims of symptoms and limitations an appropriate weight when rendering a decision that Plaintiff is not disabled. This Court finds no reversible error and because substantial evidence supports the Commissioner's decision, the Commissioner is GRANTED summary judgment and that Plaintiff's motion for judgment summary judgment is DENIED.

DECISION AND ORDER – SCOVEL v COLVIN 14-CV-00247-VEB

1

## V. ORDERS

2   IT IS THEREFORE ORDERED that:

3        Plaintiff's motion for summary judgment, Docket No.  14, is DENIED.

4        The  Commissioner's  motion  for  summary  judgment,  Docket  No.  19,  is

5   GRANTED.

6        The District Court Executive is directed to file this Order, provide copies to

7   counsel, enter judgment in favor of the Commissioner, and CLOSE this case.

8

9        DATED this 22nd day of December, 2015.

10

11                         /s/Victor E. Bianchini
                           VICTOR E. BIANCHINI
12              UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

DECISION AND ORDER – SCOVEL v COLVIN 14-CV-00247-VEB